MISSOURI WHITE v. NORFOLK SOUTHERN RAILWAY COMPANY.

(Filed 13 September, 1916.)

**Carriers of Passengers—Ejection from Train—Through Trains—Change of Trains—Damages.**

The ticket agent of a railroad company should inform the purchaser of a ticket for a through train whether or not this train will stop at the passenger's destination; and where a female passenger on such train, traveling with her child, has been informed by the ticket agent that the train will stop at her destination, and while on the train she was, for the first time, informed by the conductor that she will have to get off at a nearer station and take a local train, in consequence of which she was not met by her husband, as they had prearranged, and suffers inconvenience and annoyance by reason of the enforced change for the local train: *Held,* the ejection from the train was wrongful, making the company liable for the passenger's actual but not punitive damages.

CIVIL ACTION tried at January Term, 1916, of PASQUOTANK, before *Bond, J.,* upon these issues:

1. Did defendant wrongfully put or cause plaintiff to get off its train at Edenton, as alleged? Answer: "Yes."

2. If so, what damage, if any, did the plaintiff sustain thereby? Answer: "$50."

From the judgment rendered, the defendant appealed.

*I. M. Meekins for plaintiff.*
*C. M. Bain and J. Kenyon Wilson for defendant.*

BROWN, J. The evidence tends to prove that on 19 November, 1914, the plaintiff, accompanied by her little daughter, purchased from the defendant's agent at Mackeys Ferry a ticket to Chapanoke, upon the assurance of the agent that the ticket was good for continuous passage upon the through train of the defendant, which passed Mackeys Ferry about 1 o'clock. Upon inquiry, the agent assured her that there would be no change of trains at Edenton.

The plaintiff's husband, by arrangement, met this through train at Chapanoke to carry his wife to their home, some distance in the country.

As the plaintiff did not arrive on this train, the husband returned home. When this train of the defendant, which runs from New Bern to Norfolk, and passes Mackeys Ferry, arrived at Edenton, the conductor for the first time informed her that this train did not stop at Chapanoke, and told the plaintiff that if she did not get off at Edenton he would carry her on to some other point.

Plaintiff was compelled to get off at Edenton and take the next train, an hour or more later, which was a local train and stopped at Chapanoke. When she arrived at Chapanoke her husband had gone home. It was a rainy, blustery day, and plaintiff was subjected to much inconvenience by reason of having to change trains at Edenton.

The motion to nonsuit was properly overruled.

The plaintiff had the right to rely upon the assurance of the agent that the train which she took at Mackeys Ferry would stop at Chapanoke to put her off. It was the duty of the agent, when he sold a ticket to Chapanoke, to inform the plaintiff that she would have to take a local train at Edenton and would arrive at Chapanoke some time after the other train had passed. Upon the assurance of the defendant's agent, the plaintiff had reason to believe that she would meet her husband there to take her and her little daughter to their home. *Hutchinson v. R. R.,* 140 N. C., 125, and cases cited.

His Honor very properly ruled that there is no evidence upon which the jury would be justified in awarding punitive damage.

No error.